UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COMAU, LLC,

     Plaintiff,

                                     Case No. 20-12865

v.

                                     Hon. George Caram Steeh

BAYVIEW ELECTRIC COMPANY, LLC,
CMF GROUP, INC.,

     Defendants.

_____/

OPINION AND ORDER GRANTING
<u>DEFENDANTS' MOTIONS TO STAY (ECF NOS. 14, 25)</u>

The parties are involved in litigation pending in state court. For that reason, Defendants Bayview Electric Company and CMF Group, Inc., request that the court abstain from hearing this case under the *Colorado River* and/or *Brillhart* doctrines. The court agrees that the relevant factors weigh heavily in favor of abstention here.

<u>BACKGROUND FACTS</u>

This dispute arises out of a project to install robotic assembly systems at Fiat-Chrysler's Mack Avenue assembly plant. Plaintiff Comau, LLC, entered into a contract with Fiat-Chrysler to design and install robotic equipment at the plant. Comau subcontracted the installation work to

Defendant CMF Group, Inc., for a fixed price. CMF, in turn, subcontracted with Bayview to provide the electrical portion of the work.

The project did not proceed smoothly. Comau alleges that CMF and Bayview sought payment for cost overruns beyond the fixed contract price. CMF and Bayview contend that they incurred extra expenses caused by logistical difficulties, design defects, and requests by Comau that were outside the scope of work. Bayview requested change orders to account for the extra costs, but the change orders were not approved by CMF/Comau. Comau asserts that the cost overruns were "self-inflicted" and that the changes were not legitimate.

Bayview alleges that it completed its performance on the project on August 7, 2020, and that it is owed over $10 million. CMF likewise contends that Comau owes it approximately $4 million for base contract work and extras. The parties attempted to resolve the payment dispute through facilitation. After that failed, Bayview filed a complaint in state court against CMF and Comau on September 1, 2020. Bayview's claims include breach of contract against CMF and unjust enrichment against Comau. Comau contends that it requested a copy of the complaint and agreed to accept service, but Bayview refused. Bayview states that it did not serve

the complaint because it intended to file a lien and amend its complaint if further settlement negotiations were not fruitful.

Bayview filed a lien against the Fiat-Chrysler property on October 8, 2020, under the Michigan Construction Lien Act, M.C.L. 570.1101, *et seq.* It served the lien on Comau, CMF, and the property owner, FCA US, LLC. Comau then filed this action against Bayview and CMF on October 27, 2020, seeking discharge of the lien and a declaratory judgment. Comau also asserts an indemnity claim against CMF. On November 3, 2020, Bayview amended its state court complaint to add a lien foreclosure count and FCA as a defendant. In December 2020, Comau obtained a bond and discharged the lien. Subsequently, Bayview amended its state complaint to dismiss the lien foreclosure count against FCA and add a claim against the bond surety, Federal Insurance Company. FCA was dismissed as a defendant in the state case on February 4, 2021.

In the state court case, CMF filed a cross claim against Comau, alleging breach of contract, cardinal charge, fraud in the inducement, fraud, and negligent misrepresentation. ECF No. 25-2. CMF also filed a counterclaim against Bayview, alleging breach of contract. *Id.* Both Bayview and CMF assert that the court should decline to exercise

jurisdiction over this matter pursuant to the *Colorado River* doctrine, allowing the dispute to proceed solely in state court.

<u>LAW AND ANALYSIS</u>

Although federal courts have a "virtually unflagging obligation" to exercise the jurisdiction granted to them, they may abstain from exercising jurisdiction in limited circumstances, informed by "considerations of judicial economy and federal-state comity." *Romine v. Compuserve Corp.*, 160 F.3d 337, 339 (6th Cir. 1998) (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817-18 (1976)). The principles underlying the *Colorado River* doctrine "rest on considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Colorado River*, 424 U.S. at 817.

In contrast to the "virtually unflagging obligation" the court has to hear claims for legal relief, the court has broad discretion to stay claims brought under the Declaratory Judgment Act when parallel state proceedings are pending. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 289 (1995); *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (1942). In cases such as this, involving "mixed" claims of legal and declaratory relief, the circuits are split regarding the proper standard to employ. *See Rarick v. Federated Serv.*

-4-

*Ins. Co.*, 852 F.3d 223 (3d Cir. 2017) (citing cases). Some courts apply *Colorado River* to mixed claims, while others determine that if the legal claims are dependent on the declaratory claims, "the court may decline jurisdiction over the entire action." *Id.* at 228. The Sixth Circuit has not addressed this issue. Because the court finds that abstention is appropriate under the more stringent *Colorado River* standard, it need not reach the question of whether a more discretionary standard should apply.

In determining whether *Colorado River* abstention is appropriate, the court first examines whether the state and federal proceedings are parallel. *Romine*, 160 F.3d at 339. The parties and causes of action need not be identical, but rather "substantially similar." *Id.*; *see also Healthcare Co. Ltd. v. Upward Mobility, Inc.*, 784 Fed. Appx. 390, 394 (6th Cir. 2019).

In the state case, Bayview is suing Comau, CMF, and Federal Insurance Company. CMF has asserted a cross claim against Comau and a counterclaim against Bayview. Both Bayview and CMF's claims center around their claims for payment for their work on the Fiat-Chrysler plant project. See ECF No. 14-3, 14-5. Bayview asserts a breach of contract claim against CMF, an unjust enrichment claim against Comau, and negligent misrepresentation, fraud, and fraud in the inducement claims against both CMF and Comau. Bayview's amended complaint also includes

a bond claim against Federal Insurance Company. CMF alleges breach of contract, cardinal charge, fraud in the inducement, fraud, and negligent misrepresentation claims against Comau, and a breach of contract claim against Bayview.

Comau's complaint in this case is underpinned by the same factual circumstances as the state case. Comau alleges that Bayview's extra charges for its work on the project are not valid. Count I asserts a claim for fraudulent lien, alleging that Bayview's lien is invalid because it includes excess charges and should be discharged. Count II seeks a declaration that the lien is invalid or that the amount of the lien should be reduced, and that Bayview is not otherwise entitled to payment. Comau also seeks a declaration that CMF is required to indemnify it. Counts III, IV, and V allege breach of contract and indemnity claims against CMF.

The claims in both cases "are predicated on the same allegations as to the same material facts" and involve substantially the same parties. *See Romine*, 160 F.3d at 340. As Defendants point out, Comau's claims in this suit are defenses to CMF and Bayview's claims in the state action. Both actions require interpretation of the agreements between the parties and rest on the ultimate question of whether CMF and Bayview are entitled to payment for their work on the project. Resolution of Bayview's breach of

contract and unjust enrichment claims in the state case will be dispositive of Comau's fraudulent lien claim here. The court finds that the cases are parallel.

The court next balances several factors set forth in *Colorado River* and *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 16, (1983). These factors are as follows:

> (1) whether the state court has assumed jurisdiction over any *res* or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation . . . (4) the order in which jurisdiction was obtained. . . . (5) whether the source of governing law is state or federal; (6) the adequacy of the state court action to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; and (8) the presence or absence of concurrent jurisdiction.

*Romine*, 160 F.3d at 340-41 (citations omitted). The court is not to apply the factors as a "mechanical checklist," but carefully balances them, with the balance "heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone*, 460 U.S. at 16.

The first factor weighs in favor of abstention. Bayview added a lien foreclosure claim to its state court complaint, giving that forum jurisdiction over the property. *See Dane Const., Inc. v. Royal's Wine & Deli, Inc.*, 192 Mich. App. 287, 292 (1991) ("An action to enforce a construction lien through foreclosure is an in rem proceeding against property that has been

improved through the lienholder's services."). Although Comau argues that its complaint raised the fraudulent lien claim first, it cites no authority for the proposition that this court has jurisdiction over the property, which is not owned by Comau. The Michigan Construction Lien Act requires that an "action to enforce a construction lien through foreclosure shall be brought in the circuit court for the county where the real property described in the claim is located." M.C.L. § 570.1118. Thus, the appropriate forum for adjudicating the validity of the lien is the state circuit court. This factor weighs in favor of abstention, although not particularly heavily, given that Comau discharged the lien by providing a surety bond. *See* M.C.L. § 570.1116. Bayview replaced its lien claim its state court complaint with a claim against the bond, which is a contractual rather than equitable claim. *See generally E.R. Zeiler Excavating, Inc. v. Valenti Trobec Chandler Inc.*, 270 Mich. App. 639, 648 (2006) (a surety bond "releases the real property from potential liability"). Nonetheless, the state court acquired jurisdiction over the property, which militates in favor of abstention.

The second factor – the convenience of the federal forum – does not weigh in favor of abstention. This court and the Wayne County Circuit Court are in the same geographic location and neither is more convenient for the parties. *See Romine*, 160 F.3d at 341.

The third factor concerns the avoidance of piecemeal litigation, a "paramount" interest in *Colorado River*. *See id.* "Piecemeal litigation occurs when different courts adjudicate the identical issue, thereby duplicating judicial effort and potentially rendering conflicting results." *Id.*; *Upward Mobility*, 784 Fed. Appx. at 396. Here, the danger of piecemeal litigation is high, as both cases involve the core issue of CMF and Bayview's right to payment for their work on the Fiat-Chrysler project. The continuation of both parallel cases could result in differing interpretations of the same agreements, resolution of the same disputed facts, and inconsistent results. The simultaneous pursuit of both cases does not serve judicial economy or the wise administration of litigation. Moreover, the state action is more comprehensive, and would completely resolve the dispute between multiple parties, whereas this action comprises only a piece of the parties' dispute. As an additional consideration, "[t]he legitimacy of the court system in the eyes of the public and fairness to the individual litigants also are endangered by duplicative suits that are the product of gamesmanship or that result in conflicting adjudications." *Romine*, 160 F.3d at 341 (citation omitted). This factor weighs heavily in favor of abstention.

The fourth factor weighs only slightly in favor of abstention. Although the state court action was filed two months before this one, it does not

-9-

appear to have progressed significantly further than this case. *See Moses H. Cone*, 460 U.S. at 21.

The fifth factor weighs in favor of abstention. The parties have asserted claims governed by state law, rather than federal law. *See Moses H. Cone*, 460 U.S. at 26 ("Although in some rare circumstances the presence of state-law issues may weigh in favor of that surrender, the presence of federal-law issues must always be a major consideration weighing against surrender."). Although the presence of state law claims does not generally weigh in favor of abstention, in this case the appropriate forum for enforcing the lien is the state circuit court. *See* M.C.L. § 570.1118. Further, there are no pending federal claims that would weigh against abstention.

The remaining factors, which consider concurrent jurisdiction and the ability of a state court to protect a federal plaintiff's rights, tend to come into play when a federal plaintiff asserts claims under federal law. *See Travelers Indem. Co. v. Madonna*, 914 F.2d 1364, 1370 (9th Cir. 1990) ("This factor involves the *state* court's adequacy to protect *federal* rights, not the federal court's adequacy to protect state rights."); *Romine*, 160 F.3d at 342. As that is not the case here, these factors are not helpful to the analysis.

-10-

Taken together, the court finds the relevant factors weigh heavily in favor of abstention and counterbalance the court's obligation to exercise jurisdiction over Comau's claims. The crux of the dispute between the parties is whether, and how much, CMF and Bayview should be paid for their work on the project under their contracts with each other and Comau. Resolution of the contract claims, which were first filed in state court and are governed by state law, will dictate whether Bayview is entitled to enforce its lien (or bond claim). Comau's claims here are essentially defenses to CMF and Bayview's state court claims. This is the type of case in which judicial economy, federal-state comity, and the wise administration of litigation clearly justify abstention.

The court will stay this action, pending a final determination in the state case. *See Wilton*, 515 U.S. at 288 n.2 ("[A] stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy."); *Multi Holsters, LLC v. Tac Pro Inc.*, No. 17-10438, 2017 WL 4098857, at *7 (E.D. Mich. Sept. 15, 2017) (Steeh, J.).

<u>CONCLUSION</u>

Accordingly, IT IS HEREBY ORDERED that Defendants' motions to dismiss or stay (ECF Nos. 14, 25) are GRANTED and that this action is

STAYED and ADMINISTRATIVELY CLOSED pending the final resolution

of the state court action.

Dated: March 17, 2021

> s/George Caram Steeh
> GEORGE CARAM STEEH
> UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 17, 2021, by electronic and/or ordinary mail.

s/Brianna Sauve
Deputy Clerk

---